UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIARBRO L. WILLIAMS,

           Plaintiff,

v.                                                    Case No. 20-cv-504-pp

SERGEANT HEASTHAVEN,
and NURSE MICHELLE,

           Defendants,

**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AND MOTION FOR SANCTIONS (DKT. NOS. 53, 56, 57)**

Plaintiff Diarbro L. Williams is proceeding on Eighth Amendment claims against defendants Sergeant Heasthaven and Nurse Michelle. The plaintiff filed two motions to compel discovery (Dkt. Nos. 53, 56) and a motion for sanctions (Dkt. No. 57); this order resolves those motions.

**I.    Motions to Compel (Dkt. Nos. 53, 56)**

    A.    <u>First Motion to Compel (Dkt. No. 53)</u>

The plaintiff filed his first motion to compel on March 23, 2021. Dkt. No. 53. He asks the court for an order compelling defendant Michelle and her attorney Randall R. Guse "to fully answer the Admissions Number 1." <u>Id.</u> The motion says "fully answer" because the defendant has responded to the plaintiff's first request for admissions; the plaintiff attached those requests and the defendant's responses to his motion. Dkt. Nos. 53-1, 53-2. Request 1 asks the defendant to admit that she was "called to intake around 8:50pm" on January 2, 2020. Dkt. No. 53-1 at ¶1. The defendant's response incorrectly identified the date as January 7, 2020 and denied the request. Dkt. No. 53-2 at ¶1. The plaintiff says he returned the request for admission to defendant

1

Michelle's attorney to clarify the date. Dkt. No. 53-3. He says he sent the amended request on February 22, 2021, but that as of March 23, 2021, the defendant had not responded. Dkt. No. 53. The plaintiff also requests "an order pursuant to rule (a)(4) requiring the aforesaid Defendants to pay Plaintiff the sum of $5,000 as reasonable expenses in obtaining this order." Id.

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery. Under Rule 37, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Like its federal counterpart, this court's Civil Local Rule 37 requires that "[a]ll motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37" include a certification that efforts to informally resolve the dispute failed. Civil L.R. 37 (E.D. Wis.). That certification "must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." Id. These rules exist because parties often can reach an agreement before involving the court, which saves both the parties and the court time and resources.

The plaintiff did not provide a certification that he conferred or attempted to meet and confer with the defendant to resolve the discovery issue before asking the court to intervene. Instead, he filed the motion to compel twenty-nine days after he sent the amended request for admission. Not only did he fail to comply with federal and local rules, but the plaintiff filed the motion one day *early*. See Fed. R. Civ. P. 36(a)(3) (allowing 30 days for party to respond to request for admission). The court could deny the motion on those grounds alone. But there is another reason to deny the motion.

2

Counsel for defendant Michelle responded to the plaintiff's motion. Dkt. No. 54. Counsel explains that the defendant summarily denied each request for admissions because she did not yet have the plaintiff's jail records or medical records. Id. Counsel states that the defendant could not yet "represent that a reasonable inquiry had been done as to the relevant information as no documents were available to the Defendant." Id. Counsel attached a copy of the amended responses that he sent to the plaintiff on March 29, 2021. Id.; Dkt. No. 54-2. The amended response corrects the date of the response to admission #1 to January 2, 2020, and admits only that defendant Michelle "was called to intake at some point" on that date. Dkt. No. 54-2 at ¶1. The response says that the defendant "is unable to admit or deny the remaining allegations without reviewing the Plaintiff's medical records which are currently not in Defendant's possession." Id. Counsel notes that as of March 29, 2021, he still did not have a copy of the plaintiff's records. Dkt. No. 53. Counsel says that defendant Michelle "will further amend or supplement her responses once we have received [the plaintiff's] records." Id.

The defendant's response to the plaintiff's motion corrects the date error and provides the information the plaintiff seeks in his motion to compel. Counsel also agreed to provide any further relevant information once he has received and reviewed the plaintiff's records. The plaintiff's first motion to compel discovery is moot. Because the plaintiff's motion does not comply with Federal or Local Rule of Civil Procedure 37, because it is untimely and because the plaintiff has received the information he seeks, the court will deny the first motion to compel discovery.

B. Second Motion to Compel (Dkt. No. 56)

The plaintiff's second motion to compel discovery seeks an order compelling defendant Heasthaven "to produce for inspection and copying the following interrogatorie [sic] question 1 through 24." Dkt. No. 56. The plaintiff says he "submitted a written request for these documents, pursuant to Rule 34 of the federal rules of civil procedure on 2.14.21 and he [Heasthaven] hasn't responded at all." Id. The plaintiff signed his motion on April 1, 2021, and the court received it the next day. Id. He did not attach the interrogatories to which he says Heasthaven has not yet responded.

Again, the plaintiff did not provide a certification that he conferred or attempted to meet and confer with the defendant to resolve his request without court action. See Fed. R. Civ. P. 37(a)(1); Civil L.R. 37. It is possible that defendant Heasthaven did respond to the plaintiff's requests, and the plaintiff simply has not yet received the responses in the mail. As with the first motion to compel, the court has a basis for denying the plaintiff's second motion because it does not comply with the national or local rules.

It appears that the second motion to compel also may be moot. On April 22, 2021, defendant Michelle certified that she served on the plaintiff responses to the plaintiff's first and second set of interrogatories. Dkt. Nos. 58, 59. The plaintiff has not advised the court whether those responses provided him the information he seeks from defendant Heasthaven.

Because the plaintiff's second motion to compel does not comply with Federal or Local Rule of Civil Procedure 37, the court will deny the motion without prejudice. If the defendants have not yet provided the responses the plaintiff needs, and if the plaintiff is unable to obtain those materials through writing to defense counsel (or communicating with defense counsel in some

4

other way), he may renew his request to compel. The court advises the plaintiff that any renewed motion must comply with Federal Rule of Civil Procedure and Local Rule 37, or the court likely will deny it. The court also advises the plaintiff to be patient with the defendants as the parties continue to conduct discovery. The court advises the parties to work together to resolve future discovery disputes before seeking court intervention. Filing premature motions asking the court to get involved in situations that the parties could resolve among themselves will only delay the case.

## II. Motion for Sanctions (Dkt. No. 57)

The plaintiff asks the court to sanction defendant Michelle "for the reason for denying admission #6 dated on 2.22.2021, th[e]n the defendant a[d]mit to the same question on 3.29.2021." Dkt. No. 57. This motion goes back to Michelle's response and amended response to the plaintiff's requests for admissions. In request #6, the plaintiff asked Michelle to admit she was "working at Racine Jail around 8:00pm as a Nurse on January 2, 2020." Dkt. No. 57-1 at 4. Michelle denied that request in her February 22, 2021 responses but admitted the same request in her amended responses sent on March 29, 2021. Compare id. at 2 with id. at 4. The plaintiff requests "that the defendant be sanction[ed] for the requested cost, due to the fact that she lied under oath." Dkt. No. 57.[1]

The plaintiff does not identify the legal basis for his motion for sanctions and does not say what relief he requests. The court has "inherent authority to sanction litigants for abuse of process." Waivio v. Bd. of Trustees of Univ. of Ill. at Chi., 290 F. App'x 935, 937 (7th Cir. 2008). The severity of any sanction "should be proportionate to the gravity of the offense." Id. (citing Allen v. Chi.

---

[1] The court notes that the plaintiff failed to sign this motion.

5

Transit Auth., 317 F.3d 696, 703 (7th Cir. 2003)). In determining an appropriate sanction, the court must consider "the extent of the misconduct, the ineffectiveness of lesser sanctions, the harm from the misconduct, and the weakness of the case." Donelson v. Hardy, 931 F.3d 565, 569 (7th Cir. 2019) (citing cases).

Counsel's conduct does not warrant sanctions. Defense counsel previously explained in response to the plaintiff's first motion to compel that the defendant summarily denied the plaintiff's requests for admissions because, at the time, he did not have the plaintiff's records or other information necessary to provide full responses. Dkt. No. 54. Defendant Michelle provided supplemental responses to the plaintiff's requests for admission on March 29, 2021, consistent with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(e)(1)(A) (requiring a party who has responded to a request for admission to "supplement or correct its disclosure or response . . . in a timely manner"). Amending the answer that one provided in one's initial responses is not misconduct warranting sanctions. Nor does it constitute a lie under oath. The federal rules require that *answers to interrogatories* be provided under oath. See Fed. R. Civ. P. 33(b)(3). But the rules do not require the same for responses to a *request for admissions*.

Perhaps it would have helped if counsel had specified in the initial response that defendant Michelle would amend her responses after counsel obtained additional information. That might have prevented the plaintiff's confusion and prevented him from rushing to seek the court's assistance. But counsel sent the amended responses only five weeks after sending the initial responses, well before the June 22, 2021 deadline to complete discovery. The plaintiff does not suggest that counsel's amended responses caused any harm

6

or detriment to him or his case. Counsel's conduct did not constitute misconduct and does not warrant sanctions.

## III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motions to compel. Dkt. Nos. 53, 56.

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 57.

Dated in Milwaukee, Wisconsin this 11th day of May, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**